ORIGINAL

LEONGUERRERO_F.otscmem

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Street
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
NOV - 9 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FREDERICK A. LEON GUERRERO,<br><br>                Defendant-Debtor,<br><br>and<br><br>LEGENDS INTERNATIONAL, LLC,<br><br>                Garnishee | CRIMINAL CASE NO. 96-00105<br><br>MEMORANDUM IN SUPPORT OF<br>UNITED STATES' MOTION FOR<br>ORDER TO SHOW CAUSE |

The United States of America (hereafter the "United States") submits the following Memorandum in Support of its Motion for Order to Show Cause.

### FACTS

1. On November 12, 1997, defendant-debtor Frederick A. Leon Guerrero (hereafter "defendant-debtor") was convicted of conspiracy to import methamphetamine and sentenced, among other things, to pay a $100 special assessment fee and a $12,500 fine which has accrued interest and penalties. As of November 8, 2006 defendant-debtor has paid $9,599.84 towards his fee and fine, leaving a balance of $3,490.16 ($3,000.16 principal + $490.00 penalties).

2. In an effort to collect this sum, the United States sought and obtained a writ of continuing garnishment against defendant-debtor's employer, Garnishee LEGENDS INTERNATIONAL LLC (hereafter "Garnishee"), pursuant to 28 U.S.C. § 3205. The writ requires the Garnishee to withhold 25% of defendant-debtor's disposable earnings from each pay period to be applied to his fine obligation.

3. Defendant-Debtor and Garnishee were served with the writ of continuing garnishment and notified of the procedures for claiming exemptions. The Garnishee filed an answer to the writ of continuing garnishment on April 21, 2006, and indicated that at the time of service of the writ, it had in its possession non-exempt disposable earnings belonging to and due defendant-debtor, and that Garnishee was not indebted to defendant-debtor. Defendant-Debtor did not file a response to the Garnishee's Answer and did not request a hearing.

4. A Final Order in Garnishment was entered by the Court on June 26, 2006. Garnishee was ordered to withhold and forward to the Clerk, U.S. District Court of Guam all funds attached by the Writ of Continuing Garnishment, which was issued on April 5, 2006. The Garnishee was further ordered to continue to pay 25% of defendant-debtor's net wages each pay period until the debt to the United States is paid in full or until the Garnishee no longer has custody or control of any property belonging to defendant-debtor or until further Order of this Court.

5. A copy of the Final Order in Garnishment was sent by the United States to Garnishee on or about June 30, 2006.

6. Garnishee has not fully complied with the Final Order in Garnishment. See Affidavit of Michelle Perez, attached as Exhibit A.

//
//
//
//
//
//
//

- 2 -
Case 1:96-cr-00105  Document 80  Filed 11/09/2006  Page 2 of 6

## ARGUMENT

**Garnishee has disobeyed a lawful order of the Court.**

The United States may enforce a judgment imposing a criminal fine "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). One such procedure is a writ of garnishment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. This statute provides, in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor . . .
> Id. at § 3205(a).

When the garnishee refuses to pay the money it is withholding from the defendant-debtor, under 28 U.S.C. § 3205(c)(6), if the garnishee fails to show good cause why it failed to comply with the writ, then the Court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt disposable earnings.

Moreover, the Court has power to compel compliance with its lawful orders. Title 18, U.S.C. § 401 provides the federal statutory authority to punish for contempt. Section 401(3) provides in relevant part:

> § 401. Power of court
>
> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as --
> (1) . . . .
> (2) . . . .
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

//
//
//
//
//
//
//
//

This section relates to both criminal and civil contempt and the Court has broad discretion in using its contempt power to assure compliance with its orders. See United States v. Miller, 588 F.2d 1256, 1262-63 (9th Cir. 1979).

Here, the Garnishee has refused to obey the Court's order. It should, therefore, be held in contempt and imprisoned or fined until it complies with the order, or, alternatively, should be required to comply with the writ of continuing garnishment issued on April 5, 2006, and withhold 25% of defendant-debtor's disposable earnings from each pay period to be applied to the balance of his criminal fine obligation.

DATED this 9th day of November 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/
MARIVIC P. DAVID
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the United States Attorney's Office for the District of Guam and that a copy of the MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR ORDER TO SHOW CAUSE was served upon the parties by placing a copy of same in the United States mail, postage prepaid, this 9th day of November, 2006, as addressed as follows:

LEGENDS INTERNATIONAL LLC.
Attn: Capt. David D. Wallace
Suite 2D, UIU Building
Tamuning, Guam 96913

/s/ Michelle Perez
MICHELLE PEREZ

| | |
|---|---|
| 1 | **LEONGUERRERO_F.otscaff** |
| 2 | LEONARDO M. RAPADAS<br>United States Attorney |
| 3 | MARIVIC P. DAVID<br>Assistant U.S. Attorney |
| 4 | Suite 500, Sirena Plaza<br>108 Hernan Cortez Street |
| 5 | Hagåtña, Guam 96910<br>Telephone: (671) 472-7332/7283 |
| 6 | Telecopier: (671) 472-7334 |
| 7 | Attorneys for United States of America |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 96-00105 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| FREDERICK A. LEON GUERRERO, | ) | AFFIDAVIT OF |
| Defendant-Debtor, | ) | MICHELLE PEREZ |
| and | ) | |
| LEGENDS INTERNATIONAL, LLC, | ) | |
| Garnishee | ) | |

MICHELLE PEREZ, being first duly sworn, deposes and says:

1. That she is employed in the office of the United States Attorney for the District of Guam in the Financial Litigation Unit.

2. That she is responsible for the file in the above-entitled action.

3. She has examined the records in the above-entitled matter and, as of this date, Garnishee, LEGENDS INTERNATIONAL, LLC, has submitted no payments to the United States for any pay period.

//

//

**EXHIBIT A**

4. On April 25, 2006, a letter was forwarded to Garnishee indicating that although LEGENDS INTERNATIONAL, LLC is not responsible for Defendant-Debtor, FREDERICK A. LEON GUERRERO's debt, LEGENDS INTERNATIONAL, LLC is responsible for withholding money immediately upon receipt of the garnishment documents.

5. On September 11, 2006 and September 12, 2006, attempts were made to make telephone contact with Garnishee.

6. On September 13, 2006, a letter was forwarded to Garnishee indicating a second notice that funds attached under the Writ of Continuing Garnishment pursuant to the Final Order in Continuing Garnishment were due and payable.

7. On October 20, 2006, telephone contact was again attempted but the number was no longer in service. No payments have been submitted to the United States for any pay periods. Therefore, Garnishee has not complied with the Final Order in Garnishment that was signed on June 26, 2006.

DATED this 9th day of November, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
MICHELLE PEREZ
Legal Assistant

SUBSCRIBED AND SWORN TO BEFORE ME this 9th day of November, 2006.

_____
NOTARY PUBLIC

NOREEN F. SORIANO
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission Expires: Jan. 12, 2010
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910

- 2 -